UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LSI Corporation, Agere Systems LLC, and Avago Technologies General (IP) Singapore) Pte. Ltd.<br><br>Plaintiffs,<br><br>v.<br><br>Funai Electric Co., Ltd.; Funai Corporation, Inc.; P&F USA, Inc.; and Funai Service Corporation,<br><br>Defendants. | CASE NO.  15-CV-04307-EMC<br><br>**[PROPOSED] STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |

WHEREAS, Plaintiffs LSI Corporation, Agere Systems LLC, and Avago Technologies General (IP) Singapore Pte. Ltd. and Defendants Funai Electric Co., Ltd.; Funai Corporation, Inc.; P&F USA, Inc.; and Funai Service Corporation have stipulated to certain modifications to the Court's Model Stipulation & Order Re: Discovery of Electronically Stored Information For Patent Litigation, and for good cause shown, it is hereby ORDERED that all discovery and production of electronically produced information in the above-captioned case shall be governed as follows:

1.      This Order supplements all other discovery rules and orders.  It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

1    2.    This Order may be modified in the Court's discretion or by stipulation.

2    3.    As in all cases, costs may be shifted for disproportionate ESI

3    production requests pursuant to Federal Rule of Civil Procedure 26.  Likewise, a

4    party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

5    4.    A party's meaningful compliance with this Order and efforts to

6    promote efficiency and reduce costs will be considered in cost-shifting

7    determinations.

8    5.    The parties are expected to comply with the District's E-Discovery

9    Guidelines ("Guidelines") and are encouraged to employ the District's Model

10    Stipulated Order Re: the Discovery of Electronically Stored Information and

11    Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored

12    Information.

13    6.    General ESI production requests under Federal Rules of Civil

14    Procedure 34 and 45 shall not include email or other forms of electronic

15    correspondence (collectively "email").  Absent a showing of good cause, no party is

16    obligated to produce email or otherwise respond to an email production request.

17    Upon a showing of good cause, a party may request another party produce email

18    subject to the terms and conditions described herein.  To obtain email parties must

19    propound specific email production requests.

20    7.    If propounded, email production requests shall only be propounded for

21    specific issues, rather than general discovery of a product or business.

22    8.    If propounded, email production requests shall be phased to occur after

23    the parties have exchanged initial disclosures and basic documentation about the

24    patents, the prior art, the accused instrumentalities, and the relevant finances.

25    While this provision does not require the production of such information, the Court

26    encourages prompt and early production of this information to promote efficient

27    and economical streamlining of the case.

28

9.     If propounded, email production requests shall identify the custodian, search terms, and time frame.  The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

10.     Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case.  Cost-shifting may be considered as part of any such request.

11.     Each requesting party shall limit its email production requests to a total of five search terms per custodian per party.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.  The Court encourages the parties to confer on a process to test the efficacy of the search terms.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.  Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court

1   pursuant to this paragraph, this shall be considered in determining whether any

2   party shall bear all reasonable costs caused by such additional discovery.

3        12.    Nothing in this Order prevents the parties from agreeing to use

4   technology assisted review and other techniques insofar as their use improves the

5   efficacy of discovery.

6        13.    Absent further Court order, the following parameters shall apply to

7   general ESI production requests under Federal Rules of Civil Procedure 34 and 45:

8             a.    Absent a showing of good cause, general ESI production

9   requests or compliance with a mandatory disclosure requirement of this

10  Court shall not include or require the production of metadata.

11            b.    **Accessible ESI**.  The parties agree that reasonably accessible

12  sources of ESI for the purposes of this case include electronic documents

13  stored on computer networks, hard drives, shared network drives, and

14  workstation or laptop hard drives.

15            c.    **General Document Image Format**.  Each electronic document

16  shall be produced in black and white single-page Group IV Tagged Image

17  File Format ("TIFF")or natively at the discretion of the producing party

18  (subject to a request under section 13h for TIFF production).  TIFF files shall

19  be single page and shall be named with a unique production number followed

20  by the appropriate file extension.  Load files stating the location and

21  unitization of the TIFF files shall be provided.  If a document is more than

22  one page, the unitization of the document and any attachments and/or affixed

23  notes shall be maintained as they existed in the original document.  In the

24  event the file type renders production in TIFF format impracticable, the

25  document shall be produced natively.

26            d.    **Hard Copy Documents**.  Documents that exist in hard copy

27  format only shall be scanned and produced as black and white single page

28  Group IV TIFFs, with at least 300 dpi.  Each TIFF image shall be named

according to the corresponding Bates number associated with the document. Each image shall be branded according to the production number and applicable confidentiality designation. TIFFs shall show all text and images that would be visible to a user of the hard copy documents. The documents should be unitized as they currently exist in the ordinary course of business.

e. **De-Duplication**. A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document family level) across volumes. To the extent that a base document may contain handwriting, notes or other modifications or marginalia which render the document non-identical, a copy of each non-identical document shall be produced. To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, the parties shall meet and confer to discuss any other proposed methods of de-duplication.

f. **Text-Searchable Documents**. Documents shall be produced in text-searchable format at no cost to the receiving party. However, documents that do not have extractable text or text that can be generated by optical character recognition (OCR) need not be produced in text-searchable format.

g. **Footer**. Each document image shall contain a footer with a sequentially ascending production number except for those document produced natively in which case a single production number may be assigned to the document.

h. **Native Files**. Excel spreadsheets shall be produced in their native format. However, native format production shall not be required if an Excel spreadsheet requires redaction (for privilege or otherwise). Moreover, document types that cannot be reduced to TIFF image (e.g., media files, etc.) shall be produced in their native format. For other documents produced as TIFF images, a party may make a reasonable request to receive the document

in its native format, and upon receiving such a request, the producing party shall produce the document in its native format. For documents produced in their native format, a party may make a reasonable request to receive the document as TIFF images, and upon receiving such a request, the producing party shall produce the document as TIFF images if reasonably practicable and at the reasonable expense of the requesting party. Documents produced in native format will have a single-page TIFF placeholder included in the TIFF production.

i. **Color**. A party that receives a document produced in a format specified above may make a reasonable request to receive a color version. Upon receipt of such a reasonable request, the producing party shall produce color images in single-page JPEG format unless the document was produced natively. The requesting party shall pay for the printing costs of any production under this particular provision.

j. **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media.

k. **Inaccessible ESI**. Absent a showing of good cause, voicemails; instant messages; legacy data; residual, fragment, damaged, permanently deleted slack and unallocated data; PDAs; and mobile phones are all deemed not reasonably accessible and need not be collected and preserved.

14. Under Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in this case or in any other federal or state proceeding.

15. The mere production of ESI in litigation as part of a mass production shall not itself constitute a waiver for any purpose.

607759288.1

1    16.    Except as expressly stated, nothing in this order affects the parties'

2  discovery obligations under Federal or Local Rules.

3    **IT IS SO STIPULATED**, through Counsel of Record.

4  Dated: November 25, 2015    /s/ Kevin W. Kirsch
_____
5                            KEVIN W. KIRSCH
                            kkirsch@bakerlaw.com
6                            BAKER & HOSTETLER LLP
                            312 Walnut Street, Suite 3200
7                            Cincinnati, Ohio 45202-4074
                            Telephone:  (513) 929-3499
                            Facsimile:  (513) 929-0303
8
9                            *Attorney for Defendants Funai Electric Co.,*
                            *Ltd.; Funai Corporation, Inc.; P&F USA,*
                            *Inc.; and Funai Service Corporation*
10
11  Dated: November 25, 2015    /s/ Matthew C. Holohan
_____
                            Matthew Christian Holohan
12                           mholohan@kilpatricktownsend.com
                            KILPATRICK    TOWNSEND    AND
13                           STOCKTON LLP
                            1400 Wewatta Street Suite 600
14                           Denver, CO 80202-5556
                            Phone:    303-405-8527
15                           Fax:      303-648-4730

16                           *Attorney for Plaintiffs LSI Corporation,*
                            *Agere Systems LLC, and Avago Technologies*
17                           *General IP (Singapore) Pte. Ltd.*

18    **IT IS ORDERED** that the forgoing Agreement is approved.

19  Dated:        11/25/15
_____
20                           IT IS SO ORDERED
21                           UNI........................MAGISTRATE JUDGE
22                           Judge Edward M. Chen
23
24
25
26
27
28

- 7 -                                    15-CV-04307-EMC