UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSI CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FUNAI ELECTRIC COMPANY, LTD., et al.,<br><br>    Defendants. | Case No. 15-cv-04307-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Docket No. 82 |

    Plaintiffs in the above-referenced case are LSI Corporation, Agere Systems LLC, and Avago Technologies General IP (Singapore) Pte. Ltd. (collectively, "Plaintiffs" or "LSI"). Plaintiffs are all affiliated companies. Defendants are Funai Electric Company, Ltd.; Funai Corporation, Inc.; Funai Service Corporation; and P&F USA, Inc. (collectively, "Defendants" or "Funai"). Like Plaintiffs, Defendants are all affiliated companies. LSI has sued Funai for infringement of five different patents: the '087 patent; the '663 patent; the '958 patent; the '867 patent; and '148 patent. Currently pending before the Court is Funai's motion to dismiss the third amended complaint ("TAC"). A hearing on the motion was held on December 7, 2015. This order memorializes the Court's oral rulings and provides additional analysis as necessary.

    The motion to dismiss the induced infringement claim is denied. *See, e.g.*, *Skyworks Solutions Inc. v. Kinetic Techs. Inc.*, No. C 14-00010 SI, 2014 U.S. Dist. LEXIS 46289, at *10-11 (N.D. Cal. Apr. 2, 2014) (concluding that plaintiff "alleged both who committed the alleged direct infringement (Kinetic's customers) and how (by selling, offering to sell, use, or import particular LED driver products)"; also concluding that plaintiff "alleged Kinetic's specific intent to encourage its customers' infringement" by "market[ing] its products for use in devices such as wireless communication devices"). While Funai may have had a fair contention that the accused

products needed to be identified with more specificity (even under the lax regime of Form 18), that problem has effectively been cured because LSI has served infringement contentions in which it identifies with more specificity the accused products. Moreover, for purposes of pleading, LSI has adequately explained a basis for liability as to each Funai defendant.

The motion to dismiss the willful infringement claim is granted. Courts in this District are in general agreement that a claim for willful infringement is not adequately pled if there are simply conclusory allegations that the defendant had knowledge of the patents at issue, without any substantiating facts. *See, e.g.*, *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2015 U.S. Dist. LEXIS 154767, at *8 (N.D. Cal. Nov. 13, 2015) (distinguishing cases from the case under consideration because the former " each involved a mere boilerplate, conclusory accusation of pre-suit knowledge, without any accompanying factual details"); *Vasudevan Software, Inc. v. Tibco Software, Inc.*, C 11-06638 RS, 2012 U.S. Dist. LEXIS 69952, at *16 (N.D. Cal. May 18, 2012) (stating that, "to the extent it relies on an unsupported allegation of actual knowledge, [the complaint] fails to state a claim for willful infringement"). Here, with one exception, LSI's allegations on willfulness are conclusory.

As to the one allegation that is not conclusory in nature – *i.e.*, that Funai knew of the patents at issue (except for the '148 patent) since at least the ITC proceeding but nevertheless continued to infringe – it is deficient for an independent reason. According to Funai, the allegation is deficient because the ITC complaint was filed on the same day as this lawsuit and "allegations of post-filing knowledge are generally insufficient to make out a case for willful infringement." *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 U.S. Dist. LEXIS 141965, at *12 (N.D. Cal. Oct. 1, 2012) (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007)). In *Seagate,* "[t]he Federal Circuit . . . noted that post-filing knowledge may be sufficient to support a claim of willful infringement where a defendant violates a preliminary injunction secured by the plaintiff. It held, however, that a 'patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue

2

1   enhanced damages based solely on the infringer's post-filing conduct.'"[1]  *Id.* at *12-13.  This

2   Court has previously relied on *Seagate* to dismiss a claim for willful infringement without

3   prejudice because the plaintiff had not moved for a preliminary injunction.  *See id.*

4         Other courts in this District, however, have tempered *Seagate*'s reach.  For example, in

5   *MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020 (C.D. Cal. 2014), the district court

6   stated that "the Federal Circuit did not explicitly hold that a plaintiff may never obtain redress for

7   willful infringement based on postfiling conduct."  *Id.* at 1026.  The court also indicated

8   disagreement with the contention that "the plaintiff must have moved for a preliminary injunction

9   in order to establish willful infringement based on conduct that occurred after the filing of the

10  original complaint."  *Id.*  It explained that "the defendant should not be able to escape liability for

11  conduct occurring after the plaintiff files its complaint" because "[h]olding otherwise would . . .

12  give a defendant free rein to willfully infringe a patent of which it is now blatantly aware simply

13  because a plaintiff chose not to move for a preliminary injunction.  Such a result would eviscerate

14  the whole basis behind enhanced damages for willful infringement," *i.e.*, to punish the

15  reprehensible conduct of deliberately infringing a patent.  *Id.*

16        Judge Chhabria of this District also addressed the reach of *Seagate* in *Monolithic Power*

17  *Sys., Inc. v. Silergy Corp.*, No. 14-cv-01745-VC, 2015 U.S. Dist. LEXIS 79329 (N.D. Cal. June

---

[1] The full text from *Seagate* is as follows:

> [I]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct.  It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced.  However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement.  So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.  By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement.  A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.  Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Seagate*, 497 F.3d at 1374.

3

18, 2015):

> A better way to think about the issue is this: a plaintiff can state a claim for post-filing willful infringement so long as the plaintiff alleges, in an amended complaint and with sufficient particularity, that there is an objectively high risk the defendant is continuing to infringe and the defendant knows or should know of that objectively high risk. That, after all, is what a plaintiff must prove to prevail on a willful infringement claim. Whether a plaintiff seeks a preliminary injunction has nothing to do with that question, and therefore has nothing to do with whether the plaintiff can state a claim for willfulness. Rather, the failure to seek a preliminary injunction becomes relevant at a later stage, if the plaintiff ultimately proves its well-pled allegations of post-filing willful infringement. At that point, the court is called upon to exercise its discretion whether to award damages for the willful infringement found by the jury. And in exercising its discretion on that issue, a court may well conclude that the patentee "should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct" when the patentee did "not attempt to stop an accused infringer's activities" during the litigation.

*Id.* at *10-11.

The Court finds merit in Judge Chhabria's approach, even though, arguably, it does not give enough credit to *Seagate*. *See Seagate*, 497 F.3d at 1374 (stating that, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement," and "[s]o a willfulness claim asserted in the original complaint must *necessarily* be grounded exclusively in the accused infringer's pre-filing conduct") (emphasis added). But even under Judge Chhabria's approach, LSI has still failed to adequately plead willful infringement. In *Monolithic*, Judge Chhabria ultimately evaluated the sufficiency of the willful infringement claim by considering whether the plaintiff had adequately pled that the defendant "continues to engage in the accused conduct despite knowing of an objectively high likelihood that it is infringing." *Id.* at *12-13. Here, even if Funai's post-filing knowledge could – in principle – support a claim for willful infringement (*i.e.*, because it knew about the claim of patent infringement but nevertheless still continued to infringe), LSI would still have to allege more ( *i.e.*, that Funai acted in the face of an objectively high likelihood of infringement).

The Court therefore grants the motion to dismiss the willful infringement claim but without prejudice. LSI has leave to amend to address the deficiency described above. If LSI amends, it

must plead facts explaining, *inter alia*, why Funai knew there was an objectively high likelihood of infringement.  The amended complaint shall be filed within twenty (20) days of this order.

For the foregoing reasons, the motion is dismiss is **GRANTED** in part and **DENIED** in part.

This order disposes of Docket No. 28.

**IT IS SO ORDERED**.

Dated: December 8, 2015

_____
EDWARD M. CHEN
United States District Judge